**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | Case No.:  1:17-cv-02562 |
| Defendant. | |

**INTRODUCTION**

1.     In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats— challenges the failure of the U.S. Environmental Protection Agency ("EPA") to provide records regarding EPA Administrator Scott Pruitt's "Directive Promoting Transparency and Public Participation in Consent Decrees and Settlement Agreements" ("Settlement Directive"), its failure to conduct an adequate search for responsive records, and its failure to  provide the Center with responsive records for which there are no applicable exemptions, in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA" or "Act"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.     On May 24, 2017 media outlets reported that Administrator Pruitt said he had signed a "directive" curtailing so-called "sue and settle" tactics that produce consent decrees including court-enforced deadlines for rulemaking. On June 29, 2017 the Congressional Committee on Energy and Commerce sent a letter to EPA and the Department of Justice ("DOJ") requesting briefing and written guidelines regarding Mr. Pruitt's "reported repudiation of the Obama administration's favored practice of 'sue and settle' agreements, which committed

the agency to undertake new rulemakings," following reports of a recent EPA reform directive. On October 16, 2017, EPA put out a news release announcing that Administrator Pruitt had "issued an Agency-wide directive designed to end 'sue and settle' practices within the Agency," and making publically available this Agency-wide directive and a memorandum.

3.     In response to a FOIA request filed by the Center and dated May 25, 2017 ("Settlement Directive FOIA"), on June 28, 2017, EPA provided a final determination to the Center, in which the agency said that it had conducted a search and concluded that the directive was an oral directive and that no responsive records were located.  The Center timely appealed this determination on July 5, 2017.  EPA acknowledged receipt of the Center's appeal but, as of the filing of this lawsuit, the agency has not provided a determination on the appeal. The Center filed an additional FOIA request dated July 5, 2017 ("Settlement Directive Second FOIA"), seeking records as a result of a new search for records regarding Pruitt's directive. EPA acknowledged receipt of this request, but, as of the filing of this lawsuit, the agency has not provided any of the requested records or a final determination letter.

4.     EPA's refusal to release records of Administrator Pruitt's Settlement Directive is contrary to FOIA and undermines FOIA's policy of government transparency.

5.     EPA is unlawfully withholding responsive records by failing to conduct an adequate search for all records.

6.     Prompt access to these records is necessary to effectuate FOIA's purpose, thus the Center seeks declaratory relief establishing that EPA has violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing EPA to provide it with all responsive records and reasonably segregable portions of any lawfully exempt records without further delay.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, or the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, because a portion of the responsive records may be found in this district.

9.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.    Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 61,000 members.  The Center and its members are harmed by EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, decisions, priorities, and communications related to the EPA administrator's directive.

12.    Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the executive branch of the U.S. government.  EPA is in possession and control of the records that the Center seeks, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).  EPA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

13.     FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

14.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive requests for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

15.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

16.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

17.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A)(ii).

18.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual

circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

19.     FOIA requires agencies to make a determination with respect to an appeal within 20 working days after the receipt of the appeal.  *Id.* § 552(a)(6)(A)(ii).  If on appeal the agency upholds the denial of the request for records in whole or in part, the agency "shall notify the person making such request of the provisions for judicial review of that determination."  *Id.*

20.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).  The cut-off date for the agency's search is the date that the agency conducts the search and not any other date.

21.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

22.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b).  These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

23.     FOIA provides that a request for records must be "reasonably described."  *Id.* § 552(a)(3)(A)(i).  EPA's regulations specify that a FOIA request "should reasonably describe the

records you are seeking in a way that will permit EPA employees to identify and locate them," and that "[w]henever possible, … should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter." 40 C.F.R. §2.102(c). Courts have determined that a FOIA request reasonably describes the requested records so long as the agency's records custodian can locate the records.

24.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## **FACTUAL BACKGROUND**

### **EPA-HQ-2017-007766 (Settlement Directive FOIA Request)**

26.     On May 25, 2017 the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov.  The Center requested the Settlement Directive signed by EPA Administrator Pruitt, as reported by media outlets.[1]  In addition, the Center requested "all records mentioning, including, and/or referencing" the Settlement Directive signed by Mr. Pruitt.  The Center further specified that "all records" refers to, but is not limited to, "any

---

[1] *See generally* David LaRoss & Doug Obey, Pruitt Moves to Curtail EPA Use of 'Sue and Settle' As GOP Pushes Bills (2017), https://insideepa.com/daily-news/pruitt-moves-curtail-epa-use-sue-and-settle-gop-pushes-bills, (last visited November 1, 2017).

and all documents, correspondence (including, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals outside the federal government), emails, letters, notes, telephone records, telephone notes, minutes, memoranda, comments files, presentations, consultations, biological opinions, assessments, evaluations, schedules, telephone logs, papers published and/or unpublished, studies, photographs and other images, data (including raw data, DPS or GIS data, UTM, LiDAR, etc.), maps and/or all other responsive records, in draft or final form."

27.     The same day, May 25, 2017, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2017-007766 ("Settlement Directive FOIA Request").

28.     On May 31, 2017, EPA sent an email and automated FOIAOnline notice granting the Center's fee waiver request.

29.     On June 26, 2017, the Center sent a letter to EPA, notifying the agency that it had violated FOIA's statutory determination deadline, requesting an estimated date of completion of action on the FOIA request, and offering to assist the agency in its response.

30.     On June 28, 2017, EPA provided a final determination to the Center, in which the agency said that it "conducted a search and concluded this was an oral directive; no responsive records were located."

31.     On June 29, 2017, the Congressional Committee on Energy and Commerce sent a letter to EPA and DOJ requesting briefing and written guidelines regarding Mr. Pruitt's "reported repudiation of the Obama administration's favored practice of 'sue and settle' agreements, which committed the agency to undertake new rulemakings," following reports of the EPA's Settlement Directive.

**EPA-HQ-2017-009090 ("Settlement Directive Appeal")**

32.     On July 5, the Center appealed EPA's determination that it had "no records" that were responsive to its Settlement Directive FOIA Request, its failure to conduct an adequate search for responsive records, and failure to provide the Center with responsive records for which there are no applicable FOIA exemptions.  The Center explained that it sought two categories of records in its FOIA request, the first being Mr. Pruitt's Settlement Directive, and the second category being all records that mention, include, or reference the Settlement Directive that Mr. Pruitt had authorized.  As the Center explained, it was highly unlikely that there were no records that mention or reference Mr. Pruitt's directive, especially in light of the Congressional investigation into this directive.

33.     EPA acknowledged the Center's appeal on July 5, 2017, and assigned the appeal EPA tracking number EPA-HQ-2017-009090 ("Settlement Directive Appeal").  On July 6, 2017, EPA sent a short letter confirming receipt of the Center's Settlement Directive Appeal.

34.     A determination the Center's Settlement Directive Appeal was due on August 2, 2017

35.     As of the initiation of this lawsuit on November 29, 2017, over four months since EPA acknowledged the Center's Settlement Directive Appeal, the Center has received no determination on its appeal, no records or additional communications from EPA, or an estimate of the date of the agency's determination of the Center's Settlement Directive Appeal.

**EPA-HQ-2017-009095 (Second Settlement Directive FOIA Request)**

36.     On July 5, 2017, the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov, as a follow-up to the previous Settlement Directive FOIA Request, with the search cut-off dates for the new request to be from May 25, 2017 to the

date of the agency's search for responsive records.  The Center requested the Settlement

Directive signed by Administrator Pruitt, as reported by media outlets.  In addition, the Center

requested "all records mentioning, including, and/or referencing the Settlement Directive signed

by Mr. Pruitt.

37.     EPA acknowledged the request the same day it was sent, July 5, 2017, and

assigned it tracking number EPA-HQ-2017-009095 ("Second Settlement Directive FOIA

Request").

38.     On July 13, 2017, EPA sent an email and automated FOIAOnline notice granting

the Center's fee waiver request.

39.     On October 16, 2017, EPA published a press release announcing that

Administrator Pruitt had "issued an Agency-wide directive designed to end 'sue and settle'

practices within the Agency," and made public the agency-wide directive and memorandum.

40.     A determination on this request was due on August 2, 2017.

41.     As of the initiation of this lawsuit on November 29, 2017, over four months since

the request was submitted and acknowledged, the Center had received no records or additional

communications from EPA, or an estimated date of completion of the agency's determination on

the Center's Second Settlement Directive FOIA Request.

42.     In connection with the Center's Second Settlement Directive FOIA Request, EPA

did not (1) request additional information from the Center, or (2) notify the Center of any

"unusual circumstances" that prevent it from complying with FOIA's deadline for a

determination.  5 U.S.C. § 552(a)(6)(A)-(B).

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Missed FOIA's Mandatory Determination Deadline for the Center's Second Settlement Directive FOIA Request, Number EPA-HQ-2017-009095

43.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44.     The Center has a statutory right to a lawful final determination from EPA on its Second Settlement Directive FOIA Request, number EPA-HQ-2017-009095, in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

45.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

46.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

47.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Missed FOIA's Mandatory Determination Deadline for the Center's Appeal of the Settlement Directive FOIA Request, Number EPA-HQ-2017-009090

48.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49.     The Center has a statutory right to a lawful determination on its appeal of EPA's final determination on its Sue and Settle Directive FOIA Request, number EPA-HQ-2017-009090, in a manner that complies with FOIA.  EPA has violated the Center's rights in this

regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. §
552(a)(6)(A)(ii).

50.     Based on the nature of the Center's organizational activities, it will undoubtedly
continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

51.     The Center's organizational activities will be adversely affected if EPA is allowed
to continue violating FOIA's decision deadlines as it has in this case.

52.     Unless enjoined and made subject to a declaration of the Center's legal rights by
this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Conduct Adequate Searches for Records that are Responsive to the Center's
Settlement Directive FOIA Requests

53.     Plaintiff re-alleges and incorporates by reference the allegations made in all
preceding paragraphs.

54.     The Center has a statutory right to have EPA process its FOIA requests in a
manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this
regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to
locate all records that are responsive to the Center's Settlement Directive FOIA Request (EPA-
HQ-2017-007766) and Second Settlement Directive FOIA Request (EPA-HQ-2017-009095).

55.     Based on the nature of the Center's organizational activities, it will undoubtedly
continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

56.     The Center's organizational activities will be adversely affected if EPA continues
to violate FOIA's requirement to undertake a search that is reasonably calculated to locate
records that are responsive to the Center's FOIA request.

57.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failed to Disclose All Records that are Responsive to the Center's FOIA Requests

58.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

59.    The Center has a statutory right to the records it seeks, and there is no legal basis for EPA to assert any of FOIA's nine exemptions to mandatory disclosure apply to withhold records from the Center.  *See* 5 U.S.C. § 552(b)(1-9).  EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's Settlement Directive FOIA request (EPA-HQ-2017-007766) and Second Settlement Directive FOIA Request (EPA-HQ-2017-009095).

60.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

61.    The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as they have in this case.

62.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records that are Responsive to the Center's FOIA Requests

63.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

64.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

65.     EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's Settlement Directive FOIA request (EPA-HQ-2017-007766) and Second Settlement Directive FOIA Request (EPA-HQ-2017-009095).

66.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

67.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

68.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Fifth Claims)**

EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires

69.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

70.     EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) make a timely and lawful determination on the Center's Settlement Directive Appeal, number EPA-HQ-2017-009090; (2) make a timely and lawful determination on the Center's Second Settlement Directive FOIA Request, number EPA-HQ-2017-009095; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's Settlement Directive FOIA Request (EPA-HQ-2017-007766) and Second

Settlement Directive FOIA Request (EPA-HQ-2017-009095); (4) provide the Center with records that are responsive to its FOIA requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to both of these FOIA requests, in the event that records may be subject to an exemption.  EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

71.     Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's Settlement Directive Appeal, number EPA-HQ-2017-009090; (2) make a timely and lawful determination on the Center's Second Settlement Directive FOIA Request, number EPA-HQ-2017-009095; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's Settlement Directive FOIA Request (EPA-HQ-2017-007766) and Second Settlement Directive FOIA Request (EPA-HQ-2017-009095); (4) provide the Center with records that are responsive to its FOIA requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to both of these FOIA requests, in the event that records may be subject to an exemption.  EPA's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

72.     As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

73.     The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

74.     The Center has no other adequate remedy at law to redress the violations noted above.

75.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Sixth Claims)

EPA's Violations of FOIA's Requirements Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law

76.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

77.     EPA violated FOIA's statutory mandates due to its failure and refusal to (1) make a timely and lawful determination on the Center's Settlement Directive Appeal, number EPA-HQ-2017-009090; (2) make a timely and lawful determination on the Center's Second Settlement Directive FOIA Request, number EPA-HQ-2017-009095; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's Settlement Directive FOIA Request (EPA-HQ-2017-007766) and Second Settlement Directive FOIA Request (EPA-HQ-2017-009095); (4) provide the Center with records that are responsive to its FOIA requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to both of these FOIA requests, in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of

discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

78.     As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

79.     The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

80.     The Center has no other adequate remedy at law to redress the violations noted above.

81.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA requests, numbers EPA-HQ-2017-007766 and EPA-HQ-2017-009095, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.     Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA requests and appeal is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

3.      Declare that Defendant's failures to conduct searches that are reasonably calculated to locate all responsive records and to disclose to Plaintiff all records that are responsive to Plaintiff's FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

5.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

6.      Grant such other and further relief as the Court may deem just and proper.


DATED: November 29, 2017                 Respectfully submitted,


                                         */s/ Jennifer L. Loda*
                                         Jennifer L. Loda (CA Bar No. 284889)*
                                         Center for Biological Diversity
                                         1212 Broadway, Suite 800
                                         Oakland, CA 94612-1810
                                         Tel: (510) 844-7136
                                         Fax: (510) 844-7150
                                         jloda@biologicaldiversity.org

                                         */s/*
                                         Margaret E. Townsend (DC Bar No. OR0008)
                                         Center for Biological Diversity
                                         P.O. Box 11374

Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff*

*Seeking admission *pro hac vice*